## William S. M'Knight and Lawrence Maloney, plt'ffs. in error, *vs.* The United States, defendant in error.

*Error to Dubuque.*

A bond made payable to the United States and taken by a justice of the peace, from a prisoner arrested for an assault with an intent to kill, conditioned for the defendant's appearance in his court, and continued at the defendants instance, to procure testimony in defence, is collectable in an action of debt, in the name of the United States, on proof of the obligor's default.

This was an action of debt instituted in the name of the United States by the board of commissioners of Dubuque county, against William S. M'Knight and Lawrence Maloney, on a bond, of which the following is a copy:

" We the undersigned William M'Knight as principal and Lawrence Maloney as security, are hereby held and firmly bound unto the United States of America, in the penal sum of five hundred dollars, lawful money, to be void upon this condition: Whereas, the above bounden William M'Knight, principal aforesaid, has been brought before me, Geo. L. Nightengale, J. P., this 9th April, 1843, upon a charge of an assault with an intent to kill, and whereas the examination of the said defendant has been postponed at his request, 'till to-morrow morning, April 10, 1843, in order to procure testimony in his behalf. Now if he, the said Wm. McKnight, shall be and personally appear at the office of the above named justice, at the hour of 10 A. M., and not depart without being legally discharged, then this oblation to be null and void, otherwise of force. Given under our hands and seals at Dubuque, this 9th April, A. D. 1843.       " WM. S. M'KNIGHT, [L. S.]
                "LAWRENCE MALONEY, [L. S.]
" In presence of Geo. L. Nightengale, J. P."

The declaration assigned for breach the non appearance of M'Knight, before the magistrate.

The defendant Maloney pleaded non est factum with notice of the want of consideration, &c.

At the August term, 1843, the case was tried and a verdict and judgment rendered for the plaintiff for the penalty in the bond.

On the trial the defendant, Maloney, asked the court to charge the jury that the statutes of this territory do not authorize the justice to take bonds for appearance before himself, except in cases of assaults, batteries and affrays, which was refused, to which defendant excepted.

The cause is brought to this court upon a writ of error, sued out from this court by Lawrence Maloney.

Errors assigned.

1. The bond on which this action was brought is null and void, having been taken by the justice of the peace below, for favor to one of said defendants when in custody under a criminal prosecution, and against the policy of the law, and consequently the verdict was against law and the judgment was erroneously entered against defendants.

2. The said bond was taken by a justice of the peace, conditioned for an appearance before him of a person charged with the attempt to commit a murder, which proceeding was wholly illegal, as the justice ought to have either committed the accused, discharged him, or taken, not a bond, but a recognizance for his appearance to the next term of the District Court, to answer the offence.

CHURCHMAN, for plaintiffs in error.

CRAWFORD, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The validity of the bond on which this suit was brought, is the only question we are now to consider. There is no express statute authorizing the taking of such a security for such a purpose. Is it valid under the general law?

Our statute declares in broad terms, " that any instrument under seal, fully and freely executed and delivered, shall be deemed valid and binding according to the fair intent and meaning thereof, in all cases not otherwise declared by express statute, unless the execution or delivery of such instrument shall have been obtained by fraud, or for an unlawful purpose." Laws of 1838-9, page 76. This is nearly, if not entirely coincident with the common law rule on the subject. At all events it must be the rule of decision in this case.

The due execution and delivery of the bond is not disputed. It is not alleged to have been obtained by fraud, nor is there any express statute rendering it invalid. Was it obtained for an unlawful purpose?

It was given to secure the appearance of McKnight before the justice of the peace, at the time therein specified, permitting him in the mean while to go at large. Arrested for an assault with an intent to kill, he

obtained a postponement of the case until the following day, in order to procure testimony, and was then released from custody upon executing the bond on which this suit was brought. This purpose can only be considered unlawful upon the ground that the prisoner should have been retained in custody, and not permitted in this manner to go at large. Was it unlawful for the justice to grant him this indulgence? I think not.

The statute makes provision for the arrest of a person accused—for his examination—for his being admitted to bail to appear at the next term of the District Court in bailable cases and for his commitment where bail is not allowed or cannot be procured. But it gives no directions as to the manner in which his attendance shall be secured pending the examination. It seems to contemplate that the examination will be gone through with at once, and the prisoner committed, held to bail, or discharged immediately. Where, however, he is unprepared to undergo the examination on the day on which he is arrested, it is just and right that a reasonable time should be allowed him. In the mean time, how is he to be disposed of? Circumstances may render him unprepared for the investigation of his case for several days. Must the officer stand a sentinel over him all the time? There would not only be great trouble but great insecurity against escape in that method. Shall such escape be provided against by incarceration? This would seem unjust and oppressive, and contrary to the spirit of our law, where no offence has been proved and where the offence charged is bailable by a justice of the peace.

Besides, the statute does not authorize in express terms a resort to either of these modes of securing the person of the accused in such a case, and if when held in durance in either of these methods, he should sue out a writ of habeas corpus, could it not be urged that his forcible detention was illegal, with quite as much propriety as the unlawfulness of the bond is now insisted on? It seems to me that the justice in the present case pursued the course dictated by humanity and justice, and that at least it is not opposed to the principles of law.

In the case cited from 4th Blackford, a bond was given by a justice of the peace to the Governor for the benefit of any person aggrieved, conditioned for the faithful performance of duty, was held invalid because it was not authorized by law. I have some doubts whether such is a sound rule of the common law, see 7 Mass. Rep. 99, and the other cases cited by defendants in error. At all events it is not the rule laid down,

by our statute, which in a case like the present renders the silence of the law as evidence of the validity of the bond.

Judgment affirmed.